case number 24-8015 in re Eric L Miller argument is not to exceed 15 minutes per side mr. Brown you may proceed for the appellant may it please the court like to reserve three minutes I'm arguing for the appellant plaintiff Matt Lucas in this case core this case is that the trial court found that you can sign a contract and that does not manifest assent to that contract in this case we have a guy who signed a contract and admitted under oath that he knew that he wasn't going to keep not going to follow that contract not going to act on that contract even though he signed it threshold question and that is we have cross motions for summary judgment before the bankruptcy court there were there was a I'll say a consolidated opinion and a consolidated order but technically from a procedural standpoint we had two separate requests for relief that were addressed by the bankruptcy court which is the subject of today's appeal by the appellant the Chuck to judge Greg to the court panel the trial court granted summary judgment to the defendant Miller and denied summary judgment to my client plaintiff Lucas and so we're appealing that decision to grant summary judgment you're appealing the decision to grant you are not appealing the decision to deny summary judgment to the appellant plaintiff you are where in your brief does it address the appeal of the bankruptcy courts decision to deny summary judgment to your client I think the whole brief goes over because I go to a law and argument section and I address the specific mistakes that I believe that the trial court made and I don't think I framed it as denial of summary judgment but I challenged the findings that I think so we challenge the finding that there was no fraud and therefore that the debt was dischargeable thank you and the reason there's fraud here is because in the account for promissory fraud in particular the definition of promissory fraud is when you enter into an agreement knowing or with no intent to ever keep that agreement that is by definition promissory fraud the court applied the wrong standard in looking at so when the court looked at the standard they were looking for something to show that that Miller had induced Lucas to sign the contract and impose the duty of investigation on Lucas Lucas was entitled to rely on the manifestations that Miller made and signing that contract and that's under field versus man's the fourth factor the standard to apply is justifiable reliance which is a minimum standard not the heightened standard of reasonable reliance and that's explicitly stated in that field sites to the restatement an example where a person is signing a lease and signing contract to buy a property and that person that was selling that property didn't own it but the court did not pose a standard for that person to investigate whether that person owned it or not the person was entitled to rely on the manifestations of the seller and that's the same thing here once you sign a contract let me ask you a concept of a promise between mr. Lucas and mr. Miller and and the one to justifiable reliance it seems to me that we've inverted the paradigm here because the the ear the promise or the reliance would really have been either of these two parties and TBF right TBF could make the arguments that your client is making if it were in in the position your client is in now it could perhaps make those arguments but here I don't I'm struggling with the concept that there was any promise between mr. Miller and mr. Lucas or could be any reliance at all because this wasn't an agreement between them in Ohio you have a right of contribution so when you enter into a contract with somebody else then you're also accepting the duties of contribution is it a right or a cause of action it's called cause of action based on a right so you have a cause of action of contribution based on your right to have a contribution from the other person that signed for that debt so it's not necessarily a contractual right it's based on the Ohio statute your honor which is a the statute governs the way contracts are interpreted by Ohio courts your honor so I know that the Miller's strongest argument is going to be that that Lucas would have signed this contract regardless of what manifestations that Miller made and you can't even get to that because you have a right to rely on his signature once he signs that document the other party has a right to rely on on that signature for expecting contribution later under Ohio law that contract supersedes any other type of evidence so my brief I go through specifically where the trial court had relied on parole evidence to make its conclusion this is actually another point where I'm confused because parole evidence would only be as between the contracting parties and here the contracting parties were the defendants to use the settlement agreements language I think it's a general rule I think it's a general rule of interpretation of contracts that you cannot use evidence outside the contract to interpret the contract that's just it the defendants and TBF defendants would be both Lucas and Miller I think you're saying that you can't that you can use parole evidence to interpret a contract if you're interpreting it relative to two different people that are on one side of the contract and I don't think that's I think it's a general rule that you can never use parole evidence to interpret a contract unless that contract is unambiguous and this contract was unambiguous as to the debt that they were accepting I don't agree with you that this was unambiguous as to the relationship between the defendants here and any contribution claim if it were it seemingly would have been a suit on the contract instead of a suit and contribution for joint and several liabilities a judge what I think you're suggesting is that signing contract is meaningless in this case the trial court is saying that because Miller had indicated that he didn't have the ability to pay or that he may have said he was signing reluctantly or something like that that that's relevant to interpretation of whether he's bound by that contract and I don't think it is relevant I think that the parole evidence rule does not allow Miller to discuss any of that it's he can only look at what's in the four corners of the contract itself and he signed that debt and by Ohio law he's in tight he Lucas is entitled to contribution unless there's any ambiguity that's the end of story any other questions judges that's all I have thank you Thank You mr. Brown mr. West thank you your honor Richard West on behalf of the appellee mr. Miller Thank you counsel to begin with I believe that a focus on the parole evidence rule is is as you say it's sort of inverted the paradigm we're not talking about that contract anymore that contract between TBF and the two parties who settled it has been paid judge Humphrey nailed it in his decision he he sees what you just alluded to and that is that the claim that we're talking about is one that is owed if it exists and if it exists we have stipulated the amount in the trial court record if the claim exists it's one of contribution that is that arises when one of the parties Lucas in this case pays more than his share of the joint and several that it's nothing to do with the four corners of the settlement agreement with TPS TBS the claim has to be found to exist before we get any further that's the claim judge Humphrey found in his decision he agreed I think with what I think what what you're alluding to by the paradigm inversion remark now he the trial court judge Humphrey went on to say if there is claim then does it get non-dischargeable status as is being sought by mr. Lucas we begin with the fact that exceptions to discharge are narrowly construed and construed in favor of the debtor there has to be a preponderance shown that the elements of 523 a to a are met Lucas conceded in his deposition there was no actual fraud so all we have is the possibility of him proving that there is some kind of material misrepresentation there were many representations made by the appellee Eric Miller all of them consistent and all of them I don't have any money to pay this is the tale of two men both grow up raised in the same place when in business together the business didn't go well one of them was successful and had enough money to pay couldn't file bankruptcy because of his assets according to the deposition of their joint attorney Jeremiah Heck Miller on the other hand didn't have any assets to protect and didn't have any money to pay and always said and Lucas admitted to this in his deposition always raised bankruptcy as an option to deal with this debt which he couldn't pay. Sir, didn't he even suggest to Mr. Lucas the ability for him to file? Yes sir and that's in his deposition their joint attorney Heck I asked him about that his deposition said Lucas could not because of his assets use bankruptcy as an option would turn into a hundred percent plan or dissolves assets in seven. Lucas's credibility is somewhat suspect anyway because he said in his interrogatories it had never been through any litigation and then in his deposition he admitted well yeah I've been through several of these before but that wasn't me that was my company's so I asked him in his depo and in as many ways as I could think of what was the representation that you relied on? What is the basis of your 523 action? I never could get an answer out of it. I even reread the transcript last night again it's just not there. What of this concept that under Ohio law the signature alone is sufficient to establish reliance? I think that stated that way sounds like well of course if you sign a document you know you're a price a promise to pay and all that but in bankruptcy we discharge those debts every day in 522 a2a you have to have a fraudulent misrepresentation upon which the other party relies. So you're saying an affirmative representation? An affirmative there's no representation other than I'm going to file bankruptcy. That's it. Nowhere in the record in this case actually was tried in discovery. If it was if it had gone to if it goes to trial then basically we could just read the depositions into the record and we would have no other additional outside information. There is no external information there's no new evidence alleged. It's a garden variety case of a business that failed one person pays because he's got assets the other person didn't have any money couldn't pay file bankruptcy and let everybody know from the beginning. Email which is in the record from their joint attorney from Jeremiah Heck to the appellant says that I would I give you full authority to settle the case this doesn't Eric Miller gives you full authority to settle the case this doesn't doesn't mean he is pitching in on the settlement and that's something you'll have to deal with later. Further in the deposition of attorney Heck Miller knew this was coming because he asked attorney Heck several times about getting money from Miller later after Lucas pays. He knew what was on the horizon from Miller and also the evidence is that from his questioning of his own attorney in the deposition. For that reason Judge Humphrey actually saw the issue that you raised and the evidence as a whole provides zero substantiation so summary judgment is not something that you see granted routinely but when there's no evidence at all that's the reason for the rule and that's why we're here and that's all I have. Thank you. Thank You judges Lucas has given you everything you need to rule in his favor you have to show that he extended a renewed refinance credit which he did in the settlement agreement. You have to show that he committed some sort of fraud in that process by signing those agreements knowing that he was going to file bankruptcy he committed fraud. Mr. West said that the contract has been paid but the fact is the contribution has not been paid and that is part of the contract and that is what you agree to when you sign the contract. Let's assume that it's a representation. Let's just assume that's true. It's a fair assumption and let's assume that we determine that the I guess parole evidence as it's been termed was properly considered by the bankruptcy court. Why is it that Mr. Lucas justifiably relied on the representation? Didn't Mr. Lucas always know that the that Mr. Miller's financial position was precarious and that it was circumspect as to whether or not he would have any means by which to satisfy the obligations under the agreement? Judge, the fact that that may be true is irrelevant because he still signed the contract obligating himself to that debt knowing that he was not planning on paying it. But isn't the inquiry here about the justifiable reliance of Lucas and if Lucas is writing the heck and Lucas is saying I don't want this to affect me if I have to go after Eric's one-half of the money if we lose. Isn't that indicative of Lucas being well aware that Mr. Miller may never pay this amount? Judge, the evidence shows that he was expecting a contribution from Miller. In fact, Mr. West even brought up that he went to his attorney and said isn't he planning on making a contribution and he also sued him for contribution afterwards. But didn't heck then respond I'm sorry there's a conflict waiver that exists here and I'm not going to in effect interject myself in the relationship between Miller and Lucas? Judge, I'm only saying that Lucas was expecting a contribution. Why was he expecting a contribution if he writes to heck and says what if I have to go after Miller later? Doesn't that indicate that he was well aware that he may have to pursue Miller after the fact? And so if that's true, why is the reliance, if there is any, justifiable? Reliance is justifiable because he signed the contract. If he signs a contract you have a right under the standard, under the the field fourth element standard, you have a right to rely on that manifestation. By virtue of the contract alone, setting aside anything else that may have occurred, possibly putting Lucas on notice that Mr. Miller may never pay a cent? Yes, your honor, and I don't even understand why I have to defend this. This is law school 101. If you sign a contract, it doesn't matter if you say before I sign it, well I don't ever plan on paying this, but then you sign it, the bank isn't gonna, nobody cares what you said before you sign that contract. If you sign it, you sign it. That's the end of the story, unless there's an ambiguity in that contract. And there's no ambiguity that there's a contribution requirement when he signs that contract. One thing that Mr. West references was an email that says this doesn't mean that Miller's pitching in on the settlement, we'll deal with that later. Well this contract was dealing with it later, that email was written before the contract, so we dealt with it by having him sign a contract to obligate himself to the debt. And of course under Ohio law, that means he's obligated to contribution to anyone that he's a joint and separate liable on that debt with. So I know I'm harping and then really driving this point that he signed a contract and nothing else matters. I think that's how the law works. I do contract law, that's how it works. You sign a contract, you sign a contract. End of story. And if you sign it knowing that you are not going to pay it, then that's fraud by definition. Do you realize that if we agreed with you on that premise, we'd entirely blow up our whole area of law? Judge, I totally disagree with that because this is something that actually came up in oral arguments with Judge Humphreys. You only talk about a situation where a person renews, extends a debt, which is what the language that the statute is looking for. Renews, extends, refinances a debt knowing that they are not going to ever pay it. And we already have principles. I know in my bankruptcy cases, if somebody takes out a credit card right before they file bankruptcy, we have to reaffirm on that debt because otherwise it's fraud. So I've gotten a lot of reaffirmation agreements where somebody took out a debt right before they filed bankruptcy. And I tell my clients, you're not going to be able, once you talk to me, you're not going to be able to take out any other debt unless you want to reaffirm on that debt after the bankruptcy. Because that is by definition, that's bankruptcy fraud. So I think that's what Mr. Miller did here. I think he committed bankruptcy fraud when he extended, refinanced a debt, knowing that he was never going to pay it. He was going to use bankruptcy to get out of it. And the evidence does not show, if you look at the last paragraph on Judge Humphrey's opinion, page 6, going into page 7, Judge Humphrey's sees that Lucas was expecting a contribution that he did not know specifically that Miller was going to file bankruptcy. Miller had brought it up years prior as it relates to the note, the underlying note, not the settlement agreement that he entered. So I'm relying on the language of the statute here. He renewed a debt, he refinanced the debt, knowing that he wasn't going to pay it. Mr. Brown, we hijacked your time for rebuttal. Is there anything else? I certainly want to give you every opportunity to use the reserved time, and we have yet to do that. But we are, I believe, at six minutes on rebuttal. But if you'd like to wrap it up, please do. Only one more point, which is what Lucas said about contribution and defining fraud in his deposition, those were questions asking for conclusion of law. So those are not binding on Lucas. The reliance he's looking for, the reliance that we're showing, is that he signed this contract. If he was not able to give a legal, you know, conclusion of law during his deposition, that's irrelevant to his case. Your Honors, thank you so much. It's an honor to argue before you. Thank you. Thank you, Mr. Brown. Thank you, Mr. West. Safe travels home to you. We appreciate the briefing as well as argument this morning.